UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMMY F. ADAMS,

                         Plaintiff,

         -against-

LEGENDARY MARKETING; DIR. HUMAN
RESOURCES, Legendary Marketing,

                         Defendants.

1:23-CV-6167 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

     Plaintiff Tommy F. Adams filed this *pro se* action asserting claims of employment

discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981,

the Age Discrimination in Employment Act of 1967 ("ADEA"), and the New York State and City

Human Rights Laws ("NYSHRL" & "NYCHRL"). He seeks damages, and names as defendants:

(1) Legendary Marketing; and (2) the Director of Human Resources of Legendary Marketing.

     By order dated July 19, 2023, the Court granted Plaintiff's request to proceed *in forma

pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

     The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The allegations herein are taken from Plaintiff's complaint's statement of claim and from documents attached to his complaint, including a Determination and Order After Investigation issued by the New York State Division of Human Rights ("NYSDHR") on March 30, 2023, as well as one of Plaintiff's attached résumés. On an unspecified date, at a location in New York, New York, a Legendary Marketing hiring manager interviewed Plaintiff for a position as a

management trainee; he was interviewed for that position along with three other people, all of whom were younger than he is. Plaintiff was not offered the position. "This [was] unusual since [he] attended Cornell University, so [he] was prime manag[e]ment material. . . . [T]he interviewer got personal about [Plaintiff's] status as an Ivy Leaguer or [his] age." (ECF 1, at 5.)

Legendary Marketing "failed to hire him because he is 61 years of age, heterosexual[,] and Black." (*Id.* at 10.) While Legendary Marketing informed Plaintiff that "he was overqualified," its hiring manager "accepted bribes from either 'White Supremacists Jews or homosexuals' to keep [Plaintiff] from [being offered the] management trainee position to aid and abet the 'miscegenation of White men with pretty, Black, Debutantes.'" (*Id.*)

Plaintiff describes himself as "God, the greatest high school graduate of modern times. With a potential that reaches to infinity (just read [his] resume), the men and women [who] love and worship [him] can do all things [*sic*]." (*Id.* at 13.)

## DISCUSSION

### A.    Claims under the NYSHRL & NYCHRL

The Court must dismiss Plaintiff's claims under the NYSHRL and NYCHR. Under both of those statutes' election-of-remedies provisions, "a litigant who files a claim with the NYSDHR cannot bring the same claim [under the NYSHRL or the NYCHRL] in federal court." *Waller v. Muchnick, Golieb & Golieb, P.C.*, 523 F. App'x 55, 56 n.1 (2d Cir. 2013) (summary order); *see* N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-502(a); *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002) ("[B]y the terms of the [NYSHRL and NYCHRL], respectively, . . . claims [under either of those laws], once brought before the NYSDHR, may not be brought again as a plenary action in another court."). There are exceptions to this rule. With respect to claims under the NYSHRL brought in an administrative complaint to the NYSDHR, this rule does not apply when (1) that state agency "has dismissed such complaint

3

on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds

that the election of remedies is annulled;" and when (2) "prior to a hearing before a hearing

examiner, a person who has a complaint pending at the [NYSDHR] . . . request[s] that [the

NYSDHR] dismiss the complaint and annul his or her election of remedies so that the

[NYSHRL] claim may be pursued in court." *see* N.Y. Exec. Law § 297(9). As to claims brought

under the NYCHRL in an administrative complaint to the New York City Commission on

Human Rights ("NYCCHR") or the NYSDHR, this rule does not apply when the NYCCHR

dismisses that complaint for administrative convenience or for lack of jurisdiction under N.Y.C.

Code § 8-113(a), (b), or (c), or when the NYSDHR dismisses the complaint "either for

administrative convenience or on the grounds that such person's election of an administrative

remedy is annulled." N.Y.C. Admin. Code § 8-502(b).

Plaintiff has attached to his complaint a copy of a Determination and Order After

Investigation of the NYSDHR, issued on March 30, 2023, in which that state agency noted that,

on January 6, 2023, Plaintiff filed an administrative complaint with that agency asserting claims

of employment discrimination based on his age, race, color, and sexual orientation, arising from

Legendary Marketing's failure to hire him as a management trainee. (ECF 1, at 10.) In that

determination and order, the NYSDHR held that there was no probable cause "to believe that

[Legendary Marketing] has engaged in or is engaging in the unlawful discriminatory practice

complained of." (*Id.*) Plaintiff does not allege any facts showing that, despite his filing of an

administrative complaint with the NYSDHR, any of the exceptions to the abovementioned

election-of-remedies provisions of the NYSHRL and NYCHRL should apply.

Accordingly, because Plaintiff chose to pursue state administrative remedies with respect

to his claims under the NYSHRL and NYCHRL, and because no exceptions to those statutes'

election-of-remedies provisions apply, this Court lacks subject matter jurisdiction to consider Plaintiff's claims under those statutes. *See* Fed. Civ. P. 12(h)(3); N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-502(a), (b); *Guardino v. Vill. of Scarsdale Police Dep't*, 815 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) ("The [NYSHRL election-of-remedies] bar is jurisdictional, and the claims must be dismissed pursuant to" Fed. R. Civ. P. 12(b)(1) (internal quotation marks and citation omitted))); *see also Harris v. Oscar De La Renta, LLC*, No. 20-CV-9235, 2022 WL 540659, at *3 (S.D.N.Y. Feb. 22, 2022) ("[T]he election of remedies doctrine divests this Court of jurisdiction over the plaintiff's claims pursuant to the NYSHRL and the NYCHRL."). The Court therefore dismisses Plaintiff's claims under the NYSHRL and NYCHRL for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mauro v. N.Y.C. Dep't of Educ.*, No. 21-2671, 2022 WL 17844438, at *3 (2d Cir. Dec. 22, 2022) (summary order).

**B.      Claims under Title VII and the ADEA against an individual**

The Court must dismiss Plaintiff's claims under Title VII and the ADEA against Legendary Marketing's Director of Human Resources. Title VII does not provide for claims against individual employees. *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). The same is true as to claims under the ADEA. *See Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2022) (summary order); *Craven v. City of New York*, No. 20-CV-8464, 2023 WL 3097434, at *10 (S.D.N.Y. Apr. 26, 2023). The Court therefore dismisses Plaintiff's claims under Title VII and the ADEA against Legendary Marketing's Director of Human Resources for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.   Claims under Title VII and the ADEA against Legendary Marketing, and claims under 42 U.S.C. § 1981 against both defendants**

Title VII prohibits an employer from discriminating against an employee or a potential employee because of that person's race, color, religion, sex,[1] or national origin. *See* 42 U.S.C. §2000e-2(a). Section 1981 prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics."[2] *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987). The ADEA "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)).

**1.   Claims under Title VII against Legendary Marketing and claims under Section 1981 against both defendants**

To state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex[,] [including sexual orientation], or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

---

[1] A person's sexual orientation is a protected characteristic under Title VII, as it falls within the protected characteristic of a person's sex. *See Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731 (2020).

[2] Section 1981 "sets forth a remedy for employment discrimination that is independent of Title VII. . . ." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). "Specifically, Section 1981 provides that '[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens.'" *Id.* (quoting 42 U.S.C. § 1981(a)). "Subsection (c) [of Section 1981] explicitly applies . . . to private discrimination and subsection (b) explicitly asserts that the term make and enforce contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." *Id.* at 301 (quoting § 1981(b)) (internal quotation marks omitted). The protections of Section 1981 cover all contracts, including employment agreements. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). Unlike Title VII, however, Section 1981 allows for individual liability. *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000).

The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

Plaintiff's allegations regarding race and sexual orientation employment discrimination are conclusory and lack detail. Plaintiff has not alleged any facts sufficient to show that at least one of his characteristics that is protected by Title VII (race, color, sex (including sexual orientation), national origin, or religion) was a motivating factor in Legendary Marketing's decision not to hire him, or that, but for his race, Legendary Marketing and/or its Director of Human Resources would have hired him. Accordingly, Plaintiff has failed to state a claim of employment discrimination under either Title VII or Section 1981.

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint to allege facts to state a claim of employment discrimination against

Legendary Marketing under Title VII and/or a claim of employment discrimination against Legendary Marketing and/or its Director of Human Resources under Section 1981.

### 2. Claims under the ADEA

For a claim under the ADEA, a plaintiff must allege facts indicating that his age was the but-for cause of the employer's adverse employment action. *See Vega*, 801 F.3d at 86 (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

Plaintiff alleges that he was interviewed along with three others who were younger than he is, and that "the interviewer got personal about [his] status as an Ivy Leaguer or [his] age." (ECF 1, at 5.) He also alleged, in his NYSDHR complaint, that Legendary Marketing discriminated against him because of his age, and that it informed him that it did not hire him because he "was overqualified." (*Id.* at 10.) Those allegations are, however, insufficient to show that, but for his age, Legendary Marketing would not have committed an adverse employment action against him (would not have hired him). Thus, Plaintiff fails to state a claim of employment discrimination under the ADEA.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to allege facts sufficient to state a claim of employment discrimination under the ADEA.

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "'should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against Legendary Marketing under Title VII, Section 1981, or the ADEA, and/or against Legendary Marketing's Director of Human Resources under Section 1981, the Court grants Plaintiff 60 days' leave to file an amended complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims under the NYSHRL and NYCHRL for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court also dismisses Plaintiff's claims under Title VII and the ADEA against Legendary Marketing's Director of Human Resources for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-6167 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will enter an order dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 3, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge